**LUBIN & ENOCH, P.C.**
Nicholas J. Enoch, State Bar No. 023926
Kaitlyn Redfield-Ortiz, State Bar No. 030318
Clara S. Acosta, State Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003
Telephone: 602-234-0008
Facsimile: 602-626-3586
Email: nick@lubinandenoch.com
          kaitlyn@lubinandenoch.com
          clara@lubinandenoch.com

**THORMAN PETROV GROUP CO., LPA**
Daniel P. Petrov, Ohio Bar No. 0074151
     *Pro Hac Vice Application forthcoming*
Sarah E. Wyss, Ohio Bar No. 0100278
     *Pro Hac Vice Application forthcoming*
20046 Walker Avenue
Shaker Heights, Ohio 44122
Telephone:  216-621–3500
Facsimile: 216-621–3422
Email: dpetrov@tpgfirm.com
          swyss@tpgfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte Cammans, | **Case No.:** |
| Plaintiff | |
| vs. | **COMPLAINT** |
| | **(JURY DEMAND)** |
| Honeywell International, Inc., | |
| Defendant. | |

1

Plaintiff Charlotte Cammans (hereinafter "Plaintiff" or "Cammans") brings this action for damages against Defendant Honeywell International Inc. ("Honeywell" or "Defendant") for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et. seq.* ("FMLA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

## INTRODUCTION

1. Plaintiff Charlotte Cammans is a United States citizen and an Arizona resident.

2. Defendant Honeywell is a foreign corporation with locations in Arizona. Honeywell operates and does business in Maricopa County, Arizona.

3. Plaintiff is an "employee" within the meaning of the ADA, the FMLA, and the ADEA.

4. Defendant Honeywell is a "person," "individual," and "employer" as defined by the ADA, the FMLA, and the ADEA.

5. Plaintiff was employed by Defendant until on or around May 13, 2020.

6. The conduct, activity, and injuries that gave rise to these claims occurred in Maricopa County, Arizona. Jurisdiction over Ms. Cammans' claims is conferred upon this Court pursuant to 28 U.S.C. § 1331. Venue in the United States District Court for the District of Arizona is appropriate under 28 U.S.C. § 1391(b). Plaintiff has complied with all jurisdictional requirements prior to the filing of this lawsuit, which is timely filed, and jurisdiction and venue are proper.

7. Within 180 days of the conduct alleged below, Ms. Cammans filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 540-2021-00242) against Defendant Honeywell ("EEOC Charge").

**FACTS APPLICABLE TO ALL CLAIMS**

8. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

9. Plaintiff was employed by Defendant from approximately February 2019, until approximately May 13, 2020, at which time Defendant terminated her employment.

10. At all times material hereto, Plaintiff successfully performed those duties and responsibilities.

11. At all times relevant hereto, Plaintiff suffered from one or more serious health conditions and was substantially limited in major life activities as a result.

12. At all times relevant hereto, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodation.

13. Plaintiff requested accommodation with respect to her disability, including but not limited to short-term medical leave from work and adjustments to schedule.

14. At all times relevant to this Complaint, Plaintiff was qualified for the position(s) in which she was employed and for the position(s) for which she applied, was considered or was eligible.

15. At all times relevant to this Complaint, Plaintiff was able to perform and did successfully perform the duties and responsibilities of the position she held.

16. Defendant did not terminate Plaintiff for any reasons related to her work performance, her adherence to company policy and practice, or for just cause.

17. Defendant refused to reinstate, rehire, transfer or reassign Plaintiff to available positions for which she was qualified.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination – Americans with Disabilities Act)**

18. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

19. At all times material herein, Plaintiff was disabled, had a record of disability, and/or was regarded as disabled.

20. At all times material herein, Plaintiff was substantially limited in major life activities including, but not limited to, sitting, lifting, standing, travel, walking, and other life activities impacted by pain.

21. Plaintiff was otherwise qualified to perform the functions of her position.

22. Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded her as disabled.

23. Defendant discriminated against Plaintiff because of her disability by taking actions including, but not limited to, failing to engage in a good-faith interactive process concerning Plaintiff's proposed accommodations, terminating her employment, failing to accommodate her disability, refusing to return her to her former position, refusing to transfer or recall or rehire her, retaliating against her, harassing her, making derogatory remarks about her condition, and/or otherwise discriminating against her in the terms, privileges and conditions of her employment.

24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer past and future economic and non-economic compensatory damages, including but not limited to pain and suffering, the loss of salary, back pay, front pay, bonuses, wages, benefits, and other compensation, privileges and conditions of employment. Defendant is liable for those losses.

25. Defendant intentionally, maliciously and willfully violated the ADA in bad faith. Defendant is liable to Plaintiff under 42 U.S.C. § 12101, *et seq.,* for all losses described herein, interest on the amount of losses described in the preceding paragraph, punitive damages, reinstatement, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

## SECOND CAUSE OF ACTION

### (Family and Medical Leave Act Interference and Retaliation)

26. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

27. During the course of Plaintiff's employment, Plaintiff suffered from one or more serious health conditions within the meaning of 29 U.S.C § 2611.

28. Defendant knew of Plaintiff's serious medical condition(s) and the medical necessity of the employee taking medical leave for treatment.

29. At all times relevant hereto, Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2611.

30. Plaintiff provided Defendant with notice of her need for leave as was practicable under the circumstances.

31. Defendant retaliated against Plaintiff for opposing Defendant's unlawful interference with her exercise of, or the attempt to exercise, her rights as provided under the FMLA and retaliated against Plaintiff both before and after her employment with them ended in violation of 29 U.S.C. § 2615, for which Defendant is liable for economic damages, pre-judgment interest, and attorneys' fees and costs in accordance with 29 U.S.C. § 2617.

## THIRD CAUSE OF ACTION

### (Age Discrimination – Age Discrimination in Employment Act)

32. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

33. Plaintiff was born in 1956, and at all times relevant hereto was over forty (40) years of age.

34. During her term of employment, Plaintiff successfully performed the duties and responsibilities of her position.

35. On or around May 13, 2020, Defendant terminated Plaintiff's employment.

36. At the time of her termination, Plaintiff was qualified for the position she held.

37. Upon information and belief, Defendant replaced Plaintiff with, and/or transferred the responsibilities for Plaintiff's position to a person or persons who were under the age of forty (40) and/or substantially younger than Plaintiff.

38. Defendant discriminated against Plaintiff on the basis of age by engaging in actions including, but not limited to, terminating Plaintiff's employment, refusing to transfer, rehire or recall Plaintiff into other available positions for which she was qualified, harassing her, making age-based derogatory remarks, transferring the responsibilities for Plaintiff's position to a person under the age of forty (40) or substantially younger than Plaintiff, and treating Plaintiff differently because of her age in the terms and conditions of her employment.

39. Defendant treats younger employees more favorably than older employees with respect to the terms, conditions and privileges of employment, including, but not limited to, compensation decisions, work assignment decisions, promotion, work rules, termination and hiring decisions, environment, and decisions concerning employees to retain and/or transfer.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages including, but not limited to, past and future economic and non-economic compensatory damages, back pay, front pay, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment.

41. Defendant's discriminatory actions against Plaintiff in violation of the ADEA were willful, reckless, malicious, and/or in disregard of her rights, and render Defendant liable for past and future economic and non-economic compensatory and liquidated damages, reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 621, *et seq.*

## FOURTH CAUSE OF ACTION

### (Retaliation – Americans with Disabilities Act, Age Discrimination in Employment Act)

42. Plaintiff incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

43. Plaintiff engaged in protected activity by requesting a reasonable accommodation for her disability and complaining about her mistreatment because of her condition.

44. Plaintiff engaged in protected activity when she complained about unlawful discrimination and opposed Defendant's discriminatory conduct.

45. Defendant knew that Plaintiff engaged in such protected activity.

46. Defendant retaliated against her by engaging in actions including, but not limited to, refusing to participate in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, harassing her and terminating Plaintiff's employment.

47. Defendant retaliated against Plaintiff for engaging in protected activity by failing to investigate her complaint, failing to take prompt remedial steps in response and taking action against her with respect to the terms, conditions and privileges of her employment, including but not limited to administering policies and procedures discriminatorily, refusing to transfer, recall, or rehire her into her former position or other open positions for which she was qualified, and terminating her employment.

48. Defendant retaliated against Plaintiff because she opposed discriminatory conduct in violation of the ADEA, including, but not limited to: subjecting her to unfair scrutiny and discipline; terminating her employment; retaining, hiring, and promoting employees who did not engage in protected activity; refusing to re-hire, recall, transfer or reassign Plaintiff into her former position or to other open positions for which she was qualified.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic compensatory losses and damages, including, but not limited to, past and future economic losses, back pay, front pay, pain and suffering, and the loss of salary, bonuses, benefits, and other compensation and other privileges and conditions of employment. Defendant is liable for those losses.

50. Defendant intentionally, willfully and recklessly violated the ADA and the ADEA in bad faith and in conscious disregard of Plaintiff's rights. Defendant is liable to Plaintiff under 42 U.S.C. § 12101, *et seq.* and 29 U.S.C § 623, *et. seq.* for interest on the amount of losses described in the preceding paragraph, punitive damages, all fees and costs including but not limited to reasonable attorneys' fees and expert fees, reinstatement and any equitable relief that this Court deems is appropriate including but not limited to front pay, employment, reinstatement and promotion.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Charlotte Cammans seeks an amount in excess of $75,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, reinstatement, interest, attorneys' fees, expert fees, all fees and costs, and any additional equitable relief that the Court deems appropriate, including, but not limited to, back pay,

front pay, reinstatement and promotion.

   RESPECTFULLY SUBMITTED this 7th day of October 2021.

            LUBIN & ENOCH, P.C.


            /s/ Nicholas J. Enoch
            Nicholas J. Enoch
            Attorneys for Plaintiff

            THORMAN PETROV GROUP CO., LPA

            /s/ Daniel P. Petrov
            Daniel P. Petrov
            Sarah E. Wyss
            Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 7, 2021, I electronically submitted the attached Notice to the U.S. District Court Clerk's Office using the CM/ECF System for filing.

/s/ Shana Battles